**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 23-cv-00090-CMA

DEDRA MANEOTIS,

 Plaintiff,

v.

FCA US LLC, a Delaware Limited Liability Company,

 Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR SUMMARY JUDGMENT**

---

 This matter is before the Court on Defendant FCA US LLC's ("FCA") Motion for Leave to File Motion for Summary Judgment as to Plaintiff's Demand for Punitive Damages ("Motion for Leave"). (Doc. # 36.) For the reasons detailed below, the Court denies the Motion.

      I.  **BACKGROUND**

 This is a negligence and products liability action that was remanded to this Court by the Joint Panel on Multidistrict Litigation ("JPMDL") in January 2023. (Doc. # 23.) Because of the nature of the instant motion and the complex procedural history of this case, the Court provides the following background.

 In August 2013, Plaintiff Dedra Maneotis was injured when the 2014 Jeep Grand Cherokee ("Jeep") she was attempting to park rolled over her. (Doc. # 17 at ¶¶ 20, 78–85.) She alleges that the monostable gear shift with which the Jeep was equipped was

defectively designed because it failed to provide drivers with sufficient auditory and tactile feedback indicating what gear the automobile was in. (*Id.* at ¶¶ 34–35.) At the time of Ms. Maneotis's accident, her Jeep was not equipped with a safety override which would automatically place the car in park if the driver's door were opened while the driver's seatbelt was unbuckled. (*Id.* at ¶¶ 36–38.) In "mid-2016" FCA announced a voluntary recall to include an "auto park" feature in cars equipped with the monostable gear shift at issue in this litigation. (*Id.* at ¶¶ 7, 32.)

Ms. Maneotis initiated this action by filing her initial Complaint in this Court on August 12, 2016. (Doc. # 32-1.) On February 7, 2017, the JPMDL issued an order transferring the case to the Eastern District of Michigan (the "MDL Court") for consolidation with the proceedings in the Monostable Gearshift Litigation. (Doc. # 23 at 3.)[1] The MDL Court was tasked with "coordinated or consolidated pretrial proceedings." (Doc. # 32-2 at 4.)

A.   **PROCEDURAL HISTORY OF MS. MANEOTIS'S CASE BEFORE THE MDL COURT**

Ms. Maneotis amended her complaint in 2017 (Case No. 16-md-02744, Doc. # 178), and in 2018 the MDL Court denied FCA's Rule 12(b)(6) motion to dismiss the Amended Complaint (Doc. # 32-3). On January 23, 2020, Ms. Maneotis sought leave to file a Second Amended Complaint ("Motion to Amend"). (Case No. 16-md-02744, Doc. # 523.) Recognizing that, pursuant to Colorado Revised Statute § 13-21-102(1.5)(a), a request for punitive damages "may not be included in any initial claim for relief . . . [and]

---

[1] The Court cites to the docket number (*e.g.*, Doc. # 23) and the page number applied by the court docketing system in blue in the header of each document (*e.g.*, Doc. # 23 at 3).

2

may be allowed by amendment to the pleadings only after the exchange of initial disclosures," Ms. Maneotis argued that an amendment to seek punitive damages was appropriate. (*Id.* at 4, 10.) FCA opposed the motion. (Case No. 16-md-02744, Doc. # 534.)

On March 9, 2020, prior to a ruling by the MDL Court on Ms. Maneotis's Motion to Amend, and three weeks before the MDL Court's March 31, 2020 deadline for dispositive motions (Case No. 16-md-02744, Doc. # 512 at 3), FCA filed a Motion for Summary Judgment (Case No. 16-md-02744, Doc. # 559). The motion argued that Ms. Maneotis's claims were barred under the applicable statute of limitations. (*Id.*)

Two years and a global pandemic later, the MDL Court ruled first on FCA's Motion for Summary Judgment—denying the motion. (Doc. # 32-5.) In so doing, the MDL court found that "there is evidence of deliberately false and misleading statements made by the defendant during contact" between FCA and two technicians employed by Ms. Maneotis's family who helped investigate the accident.[2] (*Id.* at 18.) Eight days later, on April 13, 2022, the MDL Court granted Ms. Maneotis's Motion to Amend. (Doc. # 32-6.) Ms. Maneotis's Second Amended Complaint, the operative complaint in this action, asserts three claims: (1) negligence, (2) negligence per se, and (3) strict product liability. (Doc. # 17 at ¶¶ 98–136.) The complaint also requests punitive damages, alleging that prior to her rollaway incident, FCA was aware of, and concealed the defect in the monostable gear shift. (Doc. # 17 at ¶¶ 21–27, 41–48; *id*. at 47.)

---

[2] Ms. Maneotis's "family owns Victory Motors of Craig, Inc.—a Chrysler Dodge Jeep Ram dealership in Craig, Colorado." (Doc. # 17 at ¶ 21.)

B.     OTHER PROCEEDINGS BEFORE THE MDL COURT

As part of consolidated pretrial proceedings, the MDL Court certified an issues class under Rule 23(c)(4). (Case No. 16-md-02744, Doc. # 492 at 19–34.) This class was made up of economic-loss plaintiffs—plaintiffs who had not alleged personal injuries related to the monostable gear shift and were seeking recovery for allegedly overpaying for their vehicles—who owned or leased a 2012-2014 Dodge Charger, a 2012-2014 Chrysler 300, or a 2014-2015 Jeep Grand Cherokee (the "Class Vehicles"). (*Id.* at 2–4.) Ms. Maneotis was not a class member. *See* (*id.*; Case No. 16-md-02744, Doc. # 510 at 1–2); *see also* (Doc. # 30 at 6; Doc. # 36 at 6.)

In September 2022, this economic loss issues class went to trial. The jury was asked to decide three questions (the "Certified Questions"):

1. Whether the monostable gear shift **has** a design deft that renders the class vehicles unsuitable for the ordinary use of providing safe transportation.
2. Whether [FCA] knew about the defect and concealed its knowledge from buyers of the class vehicles.
3. Whether information about the defect that was concealed would be material to a reasonable buyer.

(Case No. 16-md-02744, Doc. # 492 at 19 (emphasis added).) Both Ms. Maneotis and FCA acknowledge that the wording of the first question, stated in the present tense, refers to the post-recall monostable gear shift, which includes the auto park feature. *See* (Doc. # 30 at 5–6; Doc. # 36 at 6; Doc. # 38 at 12); *see also* (Case No. 16-md-02744, Doc. # 510 at 1–2.) The jury unanimously answered the first two Certified Questions in the negative, concluding that (1) vehicles with the monostable gear shift (and auto park)

do not have a design defect under Colorado law, and (2) FCA did not conceal the defect. (Doc. # 32-7 at 2.)[3]

## C.  THE INSTANT MOTION

On April 21, 2023, FCA filed the instant Motion for Leave. (Doc. # 36.) Ms. Maneotis opposes the Motion. (Doc. # 38.) The Court exercises its discretion under D.C.COLO.LCivR 7.1(d) to rule on the Motion without awaiting the benefit of a Reply.

## II.   LEGAL STANDARD

Because the dispositive motions deadline in this case passed approximately three years before FCA's Motion for Leave, the Court must apply Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." To establish "good cause," a party must generally show that "the scheduling order's deadline could not have been met with diligence." *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1254 (D. Colo. 2011).

It is within a district court's discretion to permit successive motions for summary judgment. *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-01301-PAB-GPG, 2020 WL 6063895, at *2 (D. Colo. Oct. 13, 2020) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)). A second motion for summary judgment is "particularly appropriate on an expanded factual record," *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010), or in the event of an intervening change in the law, *Smith*

---

[3] Of the 19 states' laws it considered, the jury found the Class Vehicles have a design defect only under Utah law. (Doc. # 32-7 at 2–5.) Because it found a defect under one state's laws, the jury provided an answer to the second certified question as instructed. (*Id*. at 5–6.) However, because it answered the second question in the negative, the jury did not answer the third certified question. (*Id*. at 6–7.)

*v. McGarvie*, 321 F. App'x 665, 666 (9th Cir. 2009). The Court may also consider whether permitting a party to file a motion for summary judgment after the deadline is in the interest of judicial economy. *RCHFU*, 2020 WL 6063895, at *4. Finally, pursuant to the Uniform Civil Practice Standards employed by this Court, a party must show "exceptional circumstances" to be permitted a second motion for summary judgment. Civ. Practice Standard 7.1D(a).

### III.   DISCUSSION

FCA requests leave to file a second motion for summary judgment because it argues that (1) due to the procedural history outlined above, it has not had an opportunity to seek summary judgment on Ms. Maneotis's request for punitive damages; and (2) the jury's verdict in the economic loss class issues trial "compel[s] the conclusion that FCA US cannot be found liable for punitive damages as a matter of law." (Doc. # 36 at 2, 7–8.) In response, Ms. Maneotis contends that FCA waived its right to request a second motion for summary judgment by not filing such a request with the MDL court. (Doc. # 38 at 10–11.) It is also the position of Ms. Maneotis that the jury's verdict does not undermine her ability to meet her burden of proof regarding punitive damages. (*Id.* at 11–13.) Finally, Ms. Maneotis avers that FCA's motion should be denied because it is attempting to relitigate arguments upon which the MDL Court already ruled, with hopes of a better outcome in this Court. (*Id.* at 13–15.)

As an initial matter, the Court acknowledges that the grant of Ms. Maneotis's Motion to Amend, two years after the MDL Court's deadline for dispositive motions, could be good cause for amending the scheduling order pursuant to Fed. R. Civ. P.

6

16(b)(4). However, FCA provides no explanation for why it waited nearly a year after the grant of Ms. Maneotis's Motion to Amend to request leave to file a motion for summary judgment. Even if the Court were to consider FCA's arguments that the September 2022 jury verdict is relevant to the question of punitive damages in Ms. Maneotis's case, FCA has not provided any explanation for why it did not file the instant motion in the four months following that verdict and prior to the JPMDL's remand. As Ms. Maneotis points out, the MDL Court was tasked with completing pre-trial proceedings in this case. (Doc. # 32-2 at 4.) When the MDL Court recommended remand to this Court it stated that "[t]he matter stands ready for trial, and all appropriate pretrial proceedings have been completed." (Doc. # 23 at 5.) FCA does not provide sufficient reasons for why it seeks additional time for pretrial motions practice in this Court.

Further, the Court is not convinced that the jury's verdict in the economic loss issues class trial is relevant to Ms. Maneotis's request for punitive damages. Both parties acknowledge that Ms. Maneotis was not a class member and that the First Certified Question is materially different from the central issue presented in the instant case. (Doc. # 30 at 5–6; Doc. # 36 at 6; Doc. # 38 at 12); *see also* (Case No. 16-md-02744, Doc. # 510 at 1–2; Doc. # 492 at 19.) Considering these factors, and without engaging in a full legal analysis, the Court will exercise its discretion to deny the instant motion and allow the question of punitive damages to be considered by the jury. *RCHFU, LLC*, 2020 WL 6063895, at *2.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant FCA US LLC's Motion for Leave to File Motion for Summary Judgment as to Plaintiff's Demand for Punitive Damages (Doc. # 36) is DENIED.

DATED: May 18, 2023

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge